Daniel O. Hamilton
vs.
Sterling Motor Truck Co. of N. E.
Eq. No. 10716.

December 12, 1931.

BLODGETT, P. J. Heard upon respondent's motion to dismiss a bill in

equity praying for rescission of a contract.

Complainant on May 27, 1930, bought a truck from respondent under a conditional sales agreement. Complainant claims that six days after receiving the truck he noticed grease leaking out of the rear end onto the emergency brake. He used the truck, however, continuously until the third day of October, 1930, and in his testimony does not say that during this period he delivered the truck to the service station of respondent for repair of this condition. Complainant did testify as to the extraordinary quantity of grease needed for the rear transmission and that same rendered the emergency brake useless; that he used the truck for transporting sand and gravel and it was necessary in loading or unloading the same to back said truck close to the brink of a sand bank, but does not testify that under such conditions said brake failed to hold said truck.

No fraud is alleged in the bill or misrepresentation of condition; the bill merely sets forth a breach of an implied warranty.

This raises the question whether equity will take jurisdiction when plaintiff has a clear remedy at law.

"Remission for fraud or mistake is a purely equitable right and it is well settled that it must be exercised with great promptness after the discovery of the truth, and that it can only be exercised when the other party can be placed in statu quo."

*Monast* vs. *Manhattan Life Ins. Co.*, 32 R. I. 576.

In *Dooley* vs. *Stillson*, 46 R. I., it was held that intention of rescission was a question of fact (p. 337). It was further held in this case, the contract involving real and personal property, and much of the personal property having been used up, that as to the personal property restoration of the status quo was impossible (p. 338).

"Generally no contract can be rescinded by one of the parties, unless both of the parties can be restored to the condition in which they were before the contract was made. If, therefore, one of the parties has derived any advantage from a partial performance, he cannot hold this and consider the contract as rescinded because of the non-performance of the residue, but must do all that the contract obliges him to do, and seek his remedy in damages."

Story on Cont., Sec. 844 (2 Vol. 191).

It is difficult for the Court to see how the parties can be placed in statu quo under the testimony of the complainant. The truck was continuously used by him from May 27, 1930, to October 3, 1930, and it was not until February, 1931, that he attempted to rescind the contract. Again, in December, 1930, he made use of the truck.

It may be said to be common knowledge that once a motor car is used it becomes a "used car" and deteriorates in value, and that nine months after it has been used the vendor and vendee, in case of a return to the vendor of the article sold could not be placed in statu quo by such return.

There is in this case a question of laches.

Complainant testifies he noticed the condition of this truck within six days of delivery yet used the same until October, a period of more than four months, before notifying vendor of the alleged defects in such truck.

As set forth in *Monast* vs. *Manhattan Life* (*supra*), to demand rescission of a contract in equity, promptness in notification to the other party is essential. The case cited by brief of complainant as to laches fails to support complainant's contention.

*Chase* vs. *Chase*, 20 R. I. 202.

Motion to dismiss bill granted.

For complainant: Edward M. Sullivan, J. J. Sullivan.

For respondent: Percy W. Gardner.